UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

------------------------------------------------------------------------ )
CARLO LA MARCHESINA,                                                     )
                                                                         )
            Plaintiff,                                                   )
-against-                                                                ) Case No.:
                                                                         )
JOHN DOE NOS. 1-25                                                       )
                                                                         )
Defendant                                                                )
                                                                         )
~ 513,367.335904  U.S. DOLLAR COIN,                                      )
                                                                         )
            Defendants in rem,                                           )
                                                                         )
-and-                                                                    )
                                                                         )
CIRCLE INTERNET FINANCIAL, LLC, and                                      )
CIRCLE TECHNOLOGY SERVICES, LLC                                          )
                                                                         )
            Garnishees and Relief Parties                                )
                                                                         )
------------------------------------------------------------------------ )

**MEMORANDUM IN SUPPORT OF THE MOTION FOR ORDER TO SHOW CAUSE**

Mark D. Szal, Esq.
**SZAL LAW GROUP LLC**
*Local Counsel for Plaintiff*
6 Liberty Square #330
Boston, Massachusetts 02109

Thomas J. Tyrrell Jr. Esq.
Yelena Sharova, Esq.
Dominique Myers, Esq.
**SHAROVA LAW FIRM**
*Attorney for Plaintiff*
9003 5th Avenue
Brooklyn, New York 11209
T. 718-766-7084
F. 718-504-3599
E. TTyrrellJr@sharovalaw.com,
Sharova@sharovalaw.com,
DMyers@sharovalaw.com

**TABLE OF CONTENTS**

*TABLE OF AUTHORITIES* ................................................................................................................ ii

*PRELIMINARY STATEMENT* ........................................................................................................ 2

*STATEMENT OF FACTS* .................................................................................................................. 3

*ARGUMENT* ........................................................................................................................................ 4

    PLAINTIFF HAS SHOWN A PROBABILITY OF SUCCESS ON THE MERITS ........................... 5

    PLAINTIFF IS LIKELY TO PREVAIL ON ITS CLAIM FOR MONIES HAD AND RECEIVED .... 6

*PLAINTIFF WILL SUFFER IRREPARABLE HARM IF IT DOES NOT RECEIVE INJUNCTIVE RELIEF* ................................................................................................................................................ 6

*CONCLUSION* ..................................................................................................................................... 7

# TABLE OF AUTHORITIES

**State Cases**

*Atl. Fin. Corp. v. Galvam*,

    311 Mass. 49, 39 N.E.2d 951 (1942) ................................................................................ 6

*C.A. Wright & A.R. Miller, Federal Practice and Procedure, § 2948, at 453-454 (1973).Federal Practice and Procedure § 2948, at*

    453-54 (1973) ................................................................................................................. 8

*Flower v. Suburban Land Co.*,

    332 Mass. 30, 123 N.E.2d 218 (1954) .............................................................................. 7

*Gossels v. Fleet Nat'l Bank*,

    453 Mass. 366, 902 N.E.2d 370 (2009) ........................................................................... 6

*Loyal Order of Moose, Inc. v. Bd. of Health of Yarmouth*,

    439 Mass. 597, 790 N.E.2d 203 (2003) ........................................................................... 5

*Packaging Indus. Grp., Inc. v. Cheney*,

    380 Mass. 609 (1980) ................................................................................................... 7,8

*Row v. Home Sav. Bank*,

    306 Mass. 522, 29 N.E.2d 552 (1940) ............................................................................. 6

*Waxman v.*

    Waxman, 84 Mass. App. Ct. 314, 995 N.E.2d 1138 (2013) ............................................. 6

**Rules**

Fed. R. Civ. P. 65 ................................................................................................................ 3,5,8

Plaintiff, Carlo La Marchesina, by and through its undersigned counsel, respectfully submits this memorandum of law in support of its application for a preliminary injunction, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 65: (i) enjoining Defendants John Doe Nos. 1-25 (collectively, "Defendants") and garnishees subject to jurisdiction in United States District Court of Massachusetts, including, but not limited to, Circle Internet Financial LLC and Circle Technology Services, LLC collectively, "Garnishees"), from disposing of, processing, routing, facilitating, selling, transferring, encumbering, removing, paying over, conveying or otherwise interfering with Defendants' property, debts, accounts, receivables, rights of payment, or tangible or intangible assets of any kind, whether such property is located inside or outside of the United States, including, but not limited to, the cryptocurrency known as USD Coin ("USDC")  The assets stolen from the victim were sent to the following theft address: 0x00d7e7409bfe09a736d3e993de9b87d0baa314d5 this address holds 486,669.048499 USDC on the Ethereum network, 26,507.400371 USDC on the Base network, and 190.887034 USDC on the Arbitrum network  as of the date of the expert report and  and (ii) enjoining the Address from transacting in USDC by directing Circle Internet Financial LLC to invoke its USDC Network Blacklisting Policy (the "Policy").

Additionally, pending that preliminary injunction, Plaintiff seeks temporary injunctive relief (i) prohibiting Defendants and Garnishees, from disposing of, processing, routing, facilitating, selling, transferring, encumbering, removing, paying over, conveying or otherwise interfering with Defendants' property, debts, accounts, receivables, rights of payment, or tangible or intangible assets of any kind, whether such property is located inside or outside of the United States, including, but not limited to, the USDC held at the Address; and (ii) directing Circle to invoke the Policy to prevent the Address from transacting in USD.

**PRELIMINARY STATEMENT**

This is an action for the unauthorized access to and theft of approximately $689,232.36 worth of virtual currencies held by Plaintiff. The virtual currencies which were stolen were: 14.12817752 Bitcoin (BTC) and 5.059475 Ethereum (ETH) in Plaintiff's wallets.

The theft was perpetrated by Defendants, who are unknown persons who took numerous measures to obscure the resulting transaction trail left behind on the blockchain, including exchanging the stolen assets for other forms of virtual assets and the use of virtual asset services tailor-made to foil virtual asset tracing investigations.

The investigation to recover Plaintiff's assets began in Australia and has now moved to the State of Massachusetts wherever recovery of the stolen assets may be affected.

As set forth below Plaintiff respectfully requests that the Court grant the requested relief because Plaintiff satisfies the requirements in the applicable provisions of Fed. R. Civ. P. 65.

First, Plaintiff shows that it is likely to prevail on its claim for conversion because Plaintiff has the right to possess the USDC remaining in the Address, Defendants are clearly in possession of this property, and by selling the assets stolen from the Plaintiff. Defendants are acting in derogation of Plaintiff's rights, including with respect to its possessory interest in the assets held in the Address.

Second, Plaintiff shows that it is likely to prevail on its claim for money had and received because the property in the Address first results from the theft of the assets from Plaintiff and then the subsequent clandestine transactions that Defendants deployed to hide their ill-gotten proceeds. Accordingly, equity and good conscience cannot permit Defendants to continue to reap the rewards from their brazen theft of Plaintiff's assets.

Plaintiff satisfies the remaining elements for the requested relief because: (i) it will suffer irreparable harm in the event the remaining USDC is siphoned out of the Address, as this may represent the only portion of the stolen assets that Plaintiff will be able to recover at this juncture; and (ii) the

balance of the equities entirely favors Plaintiff given that Defendants engaged in a brazen hack and then theft of Plaintiff's property, including the USDC held in the Address.

Finally, Plaintiff submits that a very low undertaking is warranted here, if any, given that the equities so forcefully favor Plaintiff, and it satisfies the additional elements for the requested relief.

## STATEMENT OF FACTS

Plaintiff had a number of cryptocurrency wallets 16 wallets which were affected by this unauthorized theft which are:

a. 17rYrdaCa38nbu9hxJk9ChU3FRBFNA3ZSr

b. 1cS1AQYREi5Zcn5P2oU5CX6F96imPWLQw

c. 13C2q13vNZTRzUVEQ3bcMvr4SurYxnLQ8N

d. 1uHKrrPATbwb4YPDy4MT3SDU1K3S1e6dr

e. 115McqWUeZWBzfYLJdeRDGqw11c4Si8k9

f. 16f9FwfQ4qAnr8cej4dBfe8Re5SQRTdsZC

g. 1Mng5zyLJNxyoovE3LafvA7LWKJDE6vreT

h. 19s4RPCoCpxAcqpUnp9jp7cUNd4C6sEPFR

i. 1NMd6wqfnDFHsrFgwrY64hLxDciZRkGTtn

j. 17LcPfpzYeCU9bcreGMnXdoiSUQZK2DqZk

k. 17gDYrezaBBxFS4rMozUzAza7ujtVQrpBN

l. 1EGFd9wVaNj8Kw4i6pRutvf4PdnVuVdLao

m. 1AjgF8mtjaybUJBqfeVbNvhB8yPgZ9Yqf7

n. 1LdYSUg6PeocXRvtP48oL8pXWGLp7CzkgU

o. 1xHm9pnetMxgS1o4sUJHkSTCKujdWGCGA

p. 127zrk5tncSzWvpnuNPsX36hyXLBLNYKiF

q. 0xFB941835517B6FBd531885aC917368d3A818e957

(hereinafter "Plaintiff's wallets").

On January 11, 2024, Plaintiff noticed that the wallets were we missing 14.12817752 Bitcoin (BTC) and 5.059475 Ethereum (ETH), which he had not authorized, the value of the cryptocurrency was approximately $689,232.36

Said assets were then through a series of transactions laid out in the expert report annexed as exhibit A were transferred to a wallet with the address 0x00d7e7409bfe09a736d3e993de9b87d0baa314d5 (hereinafter Consolidation Wallet).

The consolidation wallet holds 486,669.048499 USDC on the Ethereum network, 26,507.400371 USDC on the Base network, and 190.887034 USDC on the Arbitrum network. In total, the Consolidation address currently holds approximately 513,367.335904 USDC of assets stemming from the conversion of the victims' stolen assets in this matter – this would be valued at approximately $513,367.34 USD and represents approximately 74% of the victims' assets stolen in this matter.

## ARGUMENT

The three requirements for a preliminary injunction are well known. The moving party must show "(1) a likelihood of success on the merits; (2) that irreparable harm will result from denial of the injunction; and (3) that, in light of the [moving party's] likelihood of success on the merits, the risk of irreparable harm to the [moving party] outweighs the potential harm to the [opposing party] in granting the injunction." Loyal Order of Moose, Inc. v. Bd. of Health of Yarmouth, 439 Mass. 597, 601, 790 N.E.2d 203 (2003).

Further, "A temporary restraining order may be granted without written or oral notice to the adverse party or his attorney only if it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition" CPLR Fed. R. Civ. P. 65. As shown below, Plaintiff meets these requirements.

**PLAINTIFF HAS SHOWN A PROBABILITY OF SUCCESS ON THE MERITS**

Plaintiff brings a claim for conversion against Defendants and has shown a likelihood of success on this claim.

The tort of conversion is established where "Conversion is the 'wrongful exercise of dominion or control over the personal property of another.' " Waxman v. Waxman, 84 Mass. App. Ct. 314, 321, 995 N.E.2d 1138 (2013) (quoting Cahaly v. Benistar Prop. Exch. Tr. Co., 68 Mass. App. Ct. 668, 679, 864 N.E.2d 548 (2007)). Conversion can be proved either by showing wrongful acquisition of property or by showing a wrongful refusal to return the property upon demand. See Atl. Fin. Corp. v. Galvam, 311 Mass. 49, 50-51, 39 N.E.2d 951 (1942). Though "[c]onversion occurs only when a defendant exercises wrongful control over specific personal property," Gossels v. Fleet Nat'l Bank, 453 Mass. 366, 372, 902 N.E.2d 370 (2009),

An action for conversion consists of the following elements: (1) that a party had possession, or a right to immediate possession of the personal property; (2) that the defendant converted the personal property to her own use, without right, either by appropriating the property, by depriving the rightful owner of it, or by destroying it; and (3) that the plaintiff sustained damages. Row v. Home Sav. Bank, 306 Mass. 522, 525, 29 N.E.2d 552 (1940).

Plaintiff clearly satisfies these elements. First, Plaintiff has the right to possess the USDC remaining in the Address, because the Tracing Report and additional investigation shows that this asset is derived from the theft of the Plaintiff's assets on January 11, 2024. Second, Defendants are clearly in possession of the USDC remaining in the Address, as evidenced by the transactions consummated since the initial theft in 2024 that illustrate the Defendants' current possession of USDC in the Consolidated Wallet. Finally, it is obvious that, by selling the assets stolen from the Plaintiff, Defendants are acting in derogation of Plaintiff's rights, including with respect to its possessory interest in the assets held in the theft wallets.

For these reasons, Plaintiff is likely to prevail on its claim for conversion, which supports issuing Plaintiff's requested relief.

**PLAINTIFF IS LIKELY TO PREVAIL ON ITS CLAIM FOR MONIES HAD AND RECEIVED**

Plaintiff is also likely to prevail on its claim for monies had and monies received. In order to present appropriately a claim for monies had and received, plaintiff must allege that: (1) defendant has obtained money, (2) under circumstances that, in equity and good conscience, should be returned to plaintiff. Flower v. Suburban Land Co., 332 Mass. 30, 33-34, 123 N.E.2d 218 (1954).

Plaintiff clearly satisfies these elements. The property in the Address results from the theft of the assets from Plaintiff, and the subsequent clandestine transactions that Defendants deployed to hide their ill-gotten proceeds. Accordingly, equity and good conscience cannot permit Defendants to continue to reap the rewards from their brazen theft of Plaintiffs assets.

**PLAINTIFF WILL SUFFER IRREPARABLE HARM IF IT DOES NOT RECEIVE INJUNCTIVE RELIEF**

It is also clear that Plaintiff will suffer immediate and irreparable harm in the event that the Court does not grant the requested relief. If the court does not grant the relief, the entirety of the assets in the Address may be dissipated, leaving Plaintiff without a realistic path for recovery.

The balance of equities overwhelmingly favors Plaintiff. Indeed, it would be patently inequitable to permit Defendants to continue to access the assets in the theft wallets, given that they only possess the assets by virtue of their theft from the Plaintiff on January 11, 2024.

A preliminary injunction must be granted or denied after an abbreviated presentation of the facts and the law. On the basis of this record, the moving party must show that, without the requested relief, it may suffer a loss of rights that cannot be vindicated should it prevail after a full hearing on the merits. Should the injunction issue, however, the enjoined party may suffer precisely the same type of irreparable harm Packaging Indus. Grp., Inc. v. Cheney, 380 Mass. 609, 617-18 (1980).

When asked to grant a preliminary injunction, the judge initially evaluates in combination the moving party's claim of injury and chance of success on the merits. If the judge is convinced that failure to issue the injunction would subject the moving party to a substantial risk of irreparable harm, the judge must then balance this risk against any similar risk of irreparable harm which granting the injunction would create for the opposing party. What matters as to each party is not the raw amount of irreparable harm the party might conceivably suffer, but rather the risk of such harm in light of the party's chance of success on the merits. Only where the balance between these risks cuts in favor of the moving party may a preliminary injunction properly issue. 12 See generally Leubsdorf, supra at [*618] 540-544; *id.* ; 11 C.A. Wright & A.R. Miller, Federal Practice and Procedure, § 2948, at 453-454 (1973).Federal Practice and Procedure § 2948, at 453-54 (1973) Packaging Indus. Grp., Inc., 380 Mass. at 617-18

In the instant matter The proceeds from the theft of Plaintiff's property are currently being held in cryptocurrency wallet, which without an injunction, would be able to be freely transferred or exchanged and would be forever lost. If the preliminary injunction was granted, the funds would be sequestered in the wallet unable to be transferred, and Plaintiff would have the possibility to retrieve his property following a determination by this Court.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court issue an order, pursuant to Fed. R. Civ. P. 65: (1) (i) enjoining Defendants and Garnishees, from disposing of, processing, facilitating, selling, transferring, encumbering, removing, paying over, conveying or otherwise interfering with Defendants' property, debts, accounts, receivables, rights of payment, or tangible or intangible assets of any kind, whether such property is located inside or outside of the United States, including, but not limited to, the USDC stored in the Address; and (ii) enjoining the Address from transacting in USDC by directing Circle to invoke the Policy; (2) pending that preliminary injunction hearing, issuing temporary injunctive relief: (i) prohibiting Defendants and Garnishees, from disposing

of, processing, routing, facilitating, selling, transferring, encumbering, removing, paying over, conveying or otherwise interfering with Defendants' property, debts, accounts, receivables, rights of payment, or tangible or intangible assets of any kind, whether such property is located inside or outside of the United States, including, but not limited to, the USDC held at the Address; and (ii) directing Circle to invoke the Policy to prevent the Address from transacting in USDC; and (3) issue any other relief that the Court finds just and proper.

Dated:   Brooklyn, New York
         June 6, 2024

Respectfully submitted,
**CARLO LA MARCHESINA,**
By his attorney,

/s/Mark D. Szal
Mark D. Szal, BBO# 667594
**SZAL LAW GROUP LLC**
6 Liberty Square #330
Boston, Massachusetts 02109
Tel: (617) 830-2494
mark@szallawgroup.com

and

**SHAROVA LAW FIRM**

/s/ Thomas J. Tyrrell, Jr.
Thomas J. Tyrrell Jr. Esq.
Yelena Sharova, Esq.
Dominique Myers, Esq.
*Attorneys for Plaintiff,*
*Pro hac vice admission pending*
9003 5th Avenue
Brooklyn, New York 11209
T. 718-766-7084
F. 718-504-3599
E. TTyrrellJr@sharovalaw.com,
Sharova@sharovalaw.com,
DMyers@sharovalaw.com